# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ENRIQUE ALVAREZ TELLO,<br><br>                              Defendant. | Case No.:  19-CR-4104-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On January 27, 2021, Defendant Enrique Alvarez Tello, proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The United States filed a response in opposition.  For the reasons given herein, the Court denies Defendant's motion.

## I.
## BACKGROUND

On November 14, 2019, Defendant Alvarez Tello pled guilty to one count of importation of methamphetamine, in violation of 20 U.S.C. §§ 952 and 960.  (ECF Nos. 18, 20.)  Defendant was sentenced to 30 months in prison, followed by three years of supervised release.  (ECF No. 55.)  Defendant is currently incarcerated at Federal Correctional Institution Big Spring, and his projected release date is November 2, 2021. (ECF No. 60 at 2.)

1

Defendant states he was infected with COVID-19 at a detention center in San Diego in April 2020. (ECF No. 58 at 6.) He now suffers from severe headaches and fears reinfection. (*Id.*) Based on these allegations, Defendant filed the present request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See generally id.*) The United States opposes Defendant's motion. (ECF No. 60.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prisons ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to his facility, which was denied by the administrator on December 18, 2020. (ECF No. 58 at 1.) Accordingly, the Court addresses the merits of Defendant's motion.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Further, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant policy statement, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, requires the court to find the defendant "is not a danger to the safety of any other person or to the community."[1] Defendant contends he meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Here, Defendant fails to meet his burden because he has not shown "extraordinary and compelling reasons" that warrant his release. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).[2]

Defendant requests compassionate release based on his April 2020 infection with COVID-19. (ECF No. 58 at 6.) Although he has recovered, he now suffers from severe

---

[1] Even if U.S.S.G. § 1B1.13 does not apply to district courts' consideration of compassionate release motions, the court must nonetheless consider dangerousness as part of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(C) (sentence must be sufficient to "protect the public from further crimes of the defendant").

[2] Some courts have held that district courts have discretion to determine what constitute "extraordinary and compelling reasons" for compassionate release because U.S.S.G. § 1B1.13 is not binding on district courts. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020). The Ninth Circuit has yet to rule on this issue. Even if this Court were to follow the reasoning in *Brooker* and similar cases, Defendant fails to establish "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

headaches and fears reinfection. (*Id.*) The United States argues this is insufficient to establish extraordinary and compelling reasons. The Court agrees. Although the Court credits Defendant's claim that he now suffers from headaches, Defendant, who is 37 years old, does not identify any underlying medical condition that would "substantially diminish" his ability to provide self-care in his current environment or that would increase his risk from COVID-19 upon potential reinfection. As this Court has previously found, infection with COVID-19 and subsequent recovery, without more, does not rise to the level of "extraordinary and compelling reasons" warranting compassionate release. *See United States v. Erazo Hernandez*, 12-CR-4965-DMS-2, Dkt. No. 302 at 5 (S.D. Cal. Nov. 21, 2020). Moreover, the facts upon which Defendant relies in support of his request were already considered by the Court at sentencing. Accordingly, Defendant has not demonstrated "extraordinary and compelling" reasons for his release.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated: February 27, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court